Bowen, J.
The only question presented by the record in this case, which we deem it important to notice, is, whether this action can be maintained, while the accounts of Adams, Sen., are pending for settlement in the orphan’s court of Philadelphia.
Letters of administration were granted in Pennsylvania, where the estate of Mrs. Adams, the intestate, wass ituated. The administrator, from whom a distribution of that estate is now sought, gave bond and took upon himself the duties appertaining to the trust, under the jurisdiction of the proper court of that state. He proceeded without improper delay, to file his accounts for settlement, which were referred to an auditor, to whose report made thereon, exceptions were taken by the plaintiffs in this action. That report, and the exceptions thereto, are still pending in the orphan’s court, where complete jurisdiction has attached, and must, from necessity, be exercised over the property of the decedent. The plaintiff in error can not, therefore, until his accounts are settled by the court in which they are thus pending, and the amount *79 in his bands subject to distribution is fully determined by its judgment, be sued in tbis state, and compelled to make distribution of tbe fund belonging to tbe estate. It can make no difference what may be tbe result of tbe exceptions to bis account. Tbe balance which be reports, as remaining *in bis bands, may be increased ■or diminished by tbe action of tbe court. No one bas a right to sue as heir or distributee, until tbe actual amount of bis liabilities is ascertained, and fixed by tbe order of tbe court. We must treat this administrator, in tbis particular, just as we would one who might be engaged in administering upon an estate here. He can be sued in the same manner, as if be bad been appointed under tbe laws of tbis state.
Thus far it' is our duty to recognize foreign administration, and to afford to tbe party who bas undertaken it, and is conducting it to completion, the same protection against tbe prosecution of suits here, which could, in Pennsylvania, be set up by him; and also to extend to him tbe law of our own state, which restricts tbe right of action by heirs and distributees, to tbe time when tbe proper court shall adjudicate tbe amount to be distributed. But we design to give no further effect to tbe proceedings of tbe foreign court, than to bold that their pendency and tbe unliquidated amount in tbe bands of tbe administrator for distribution, are sufficient to abate tbis action, and that tbe court below erred in not so ruling.

Judgment reversed.

Bartley, C. J., and Swan, Brinkerhoef, and Scott, JJ., concurred.